**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40115

UNITED STATES OF AMERICA,
Plaintiff - Appellee

VERSUS

MARIO ROQUE-VILLANUEVA,
Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
May 10, 1999

Before  JONES, DUHÉ, and BARKSDALE, Circuit Judges:

DUHÉ, Circuit Judge:

Mario Roque-Villaneuva ("Defendant") appeals the district court's denial of his motion to suppress.  For the following reasons, we affirm.

**BACKGROUND**

Border Patrol Agent Nedia Correjo Gonzales ("Agent Gonzales") stopped a car driven by the Defendant.  As a result of the stop, federal authorities learned that the Defendant was a deported alien who had illegally reentered the United States.  The Defendant was indicted for being a deported alien found in the United States in

violation of 8 U.S.C. § 1326. Arguing that Agent Gonzales stopped him without reasonable suspicion or probable cause, the Defendant moved to suppress all evidence obtained as a result of the stop. The district court denied the motion, reasoning that the Defendant's identity was not suppressible. The Defendant entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. The district court sentenced the Defendant to a 51 month term of imprisonment, to run concurrently with a 12 month sentence imposed in an earlier case. The Defendant appeals.

**DISCUSSION**

The Defendant contends that the district court erred by denying his motion to suppress because Agent Gonzales stopped him without reasonable suspicion or probable cause. We disagree. The district court did not err by refusing to suppress the Defendant's identity. Even if the Defendant was illegally stopped, neither his identity nor his INS file are suppressible.

We have held that a defendant's INS file need not be suppressed because of an illegal arrest. In United States v. Pineda-Chinchilla, 712 F.2d 942 (5th Cir. 1983), the defendant, an illegal alien who had been previous deported, was charged with illegally reentering the United States in violation of 8 U.S.C. § 1326. Maintaining that his arrest was illegal, the defendant moved to suppress his INS file as the "fruit of the poisonous tree."

2

Pineda-Chinchilla, 712 F.2d at 943. The district court denied the defendant's motion and he was convicted. We affirmed the denial of the defendant's motion to suppress, holding that the defendant had no legitimate expectation of privacy in his INS file and, therefore, had no standing to challenge its introduction into evidence. See id. at 944.

Other courts have indicated that an individual's identity is not suppressible. In I.N.S. v. Lopez-Mendoza, 104 S.Ct. 3479 (1984), the respondent objected to being summoned to a civil deportation proceeding following his unlawful arrest. See id. at 3484. Rejecting the respondent's argument, the Supreme Court stated that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest." Id. at 3483. In U.S. v. Guzman-Bruno, 27 F.3d 420 (9th Cir. 1994), an alien convicted of illegally reentering the United States in violation of 8 U.S.C. § 1326 argued that the district court erred by refusing to suppress all evidence of his identity learned from his unlawful arrest. Affirming the conviction, the Ninth Circuit held that the "district court did not err when it held that neither [the defendant's] identity nor the records of his previous convictions and deportations and convictions could be suppressed as a result of the illegal arrest." Id. at 422.

**CONCLUSION**

3

We affirm the denial of the Defendant's motion to suppress.

AFFIRMED