IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50850
Conference Calendar
_____

THE UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN CARLOS OROZCO-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-139-1
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges

PER CURIAM:[*]

     The defendant, Juan Carlos Orozco-Gonzalez, entered a
conditional plea of guilty to illegally reentering the United
States.  He appeals the denial of his motion to suppress the
evidence of his illegal presence which was obtained as the result
of an illegal stop.

     In United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th
Cir. 1999), this court held that a Border Patrol agent's illegal
stop of a defendant did not mandate suppression of the
defendant's identity in a prosecution for illegal entry.  Id.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The court recognized that the body or identity of a defendant in a criminal proceeding is not suppressible as the fruit of an unlawful arrest.  Id. at 346 (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984)).  The defendant, Orozco, attempts to distinguish Roque-Villanueva by arguing that he seeks the suppression of evidence of his "physical presence" rather than his "body" or "identity".  Despite Orozco's vaporous distinction, Roque-Villanueva dictates the result of this case.

The ruling of the district court is AFFIRMED.