IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50458
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GEORGE CONTRERAS, also known
as Carlos Corona,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-352-1
- - - - - - - - - -
May 28, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Contreras pleaded guilty to possession of a controlled substance with intent to distribute while reserving the right to appeal the district court's denial of his pretrial motion to suppress. He argues that the border patrol agents did not have specific articulable facts justifying an investigatory stop and that they unreasonably exceeded the scope of an immigration stop.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The agents had reasonable suspicion to stop Contreras given that the vehicle was capable of carrying illegal aliens or drugs, was not local to the area, and was traveling very near the border at an unusual time on a narrow, winding road notorious for smuggling.  See United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975); United States v. Zapata-Ibarra, 212 F.3d 877, 881 (5th Cir.), cert. denied, 121 S. Ct. 412 (2000).  The agents were free to ask Contreras to explain the suspicious circumstances. Brignoni-Ponce, 422 U.S. at 881-82.  In light of Contreras' answers, the agents did not unreasonably expand the scope of the stop to request consent to search the truck.

Contreras also argues that the district court erred in refusing to suppress his in-custody statement as to his true name.  Contreras has not shown that the district court plainly erred as an individual's identity is not suppressible.  See United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1999); see also INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984).

The judgment of the district court is AFFIRMED.