# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 00-51042
### Summary Calendar
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RAUL ROCHA-GONZALEZ,**

**Defendant-Appellant.**

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-636-1
- - - - - - - - - -
August 14, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Raul Rocha-Gonzalez (Rocha) appeals his conviction and sentence for illegal reentry. *See* 8 U.S.C. § 1326. He argues that (1) the district court erred when it denied his motion to suppress; (2) the district court erred when it denied his motion to dismiss the indictment because the prior deportation proceeding violated due process; and (3) in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the indictment was defective because it failed to allege that Rocha had an aggravated felony, or, in the alternative, 8 U.S.C. § 1326 is an unconstitutional sentencing enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err when it denied Rocha's motion to suppress because the evidence obtained at the traffic stop was nonsuppressible identity evidence. *See United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999). Rocha's deportation proceeding pursuant to 8 U.S.C. § 1228(b) did not violate due process because a state conviction for simple possession of a controlled substance qualifies as an aggravated felony, therefore bringing Rocha under the provisions for expedited deportation proceedings. *See United States v. Hernandez-Avalos*, 251 F.3d 505, 2001 WL 502383, at 11 (5th Cir. May 11, 2001)(No. 00-50186). Rocha's contention that in light of *Apprendi* the aggravated felony should have been alleged in the indictment is foreclosed by controlling precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224, 228-35 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001). Accordingly, Rocha's conviction and sentence are **AFFIRMED**.