**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

APOLONIO ALVAREZ-BECERRA,

    Defendant - Appellant.

No. 01-2149
(D.C. No. CR-00-1590-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ALARCÓN** ,** and **ANDERSON,** Circuit Judges.

---

Apolonio Alvarez-Becerra appeals from the denial of his motion to

suppress evidence obtained as a result of a traffic stop. He seeks reversal of the

judgment of conviction on the ground that the district court erred in concluding as

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for
the Ninth Circuit, sitting by designation.

a matter of law that evidence of a defendant's name and identity is not suppressible in a criminal proceeding even if it was obtained in violation of the Fourth Amendment. After independently reviewing the record, we affirm without resolving this legal question because it is undisputed that Alvarez-Becerra was detained because he was driving a vehicle with a cracked windshield.

I

On December 26, 1999, Officer Gary Reed of the Albuquerque Police Department stopped Alvarez-Becerra because of a crack in the windshield of the blue Ford Probe he was driving. The officer asked Alvarez-Becerra his name and birth date. When Alvarez-Becerra first responded, he stated that his name was Alfonso Alvarez . When Officer Reed asked him to disclose his birth date, Alvarez-Becerra hesitated, and then stated he was born on July 27, 1958. Officer Reed told Alvarez-Becerra to stop lying and tell the truth. Alvarez-Becerra then told the officer his true name and birth date. Based on that information, the officer conducted a computer check through the National Crime Information Center. The computer check revealed that Alvarez-Becerra was a previously deported alien who had a detainer placed on him by the Immigration and Naturalization Service because of a felony conviction in Arizona. Officer Reed arrested Alvarez-Becerra for concealing his identity. Alvarez-Becerra was subsequently indicted for re-entering the United States as a deported alien

previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) & (2) and § 1326(b)(2). [1]

On January 12, 2001, Alvarez-Becerra filed a motion to suppress all information obtained as a result of the stop and detention. In setting forth the factual background of the stop, Alvarez-Becerra admitted that "[t]he automobile driven by defendant had a cracked windshield." In support of the suppression motion, Alvarez-Becerra argued that Officer Reed did not have reasonable suspicion to stop and detain him for violation of state or local traffic laws because the crack in his windshield did not impair his vision.

In its response to the suppression motion, the Government asserted that Officer Reed had reasonable, articulable suspicion to stop and detain Alvarez-

---

[1] 8 U.S.C. § 1326 provides in relevant part:
(a) . . . any alien who–
(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
(2) enters, attempts to enter, or is at any time found in the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.
(b) Criminal penalties for reentry of certain removed aliens Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection–
. . .
(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;
. . .
8 U.S.C. § 1326 (1999).

Becerra because he was driving a vehicle with a cracked windshield in violation of state and local traffic laws.    See N.M. Stat. Ann. § 66-3-846 (Michie 1978); Albuquerque, N.M., Code Ordinances § 8-6-7 (2001) (effective 1974). Alternatively, the Government contended that "even if the stop of defendant's vehicle is found to be invalid, neither defendant's identity nor Immigration and Naturalization Service files are suppressible."

At the outset of the suppression hearing, the district court judge stated, "I will assume for the purposes of this motion that you are correct in your position that it was an illegal stop." The Government informed the court that it would not concede that the traffic stop was illegal and argued that "the Court needs factual testimony before making the determination as to whether or not the stop in this case was legal." The court informed counsel that presentation of evidence that would support the legality of the stop was unnecessary "for the decision in this case." Neither side presented any evidence. The court made no factual findings. Instead, the court concluded as a matter of law that a defendant's identity is not suppressible in a criminal proceeding.

II

In his opening statement, defense counsel informed the jury that Officer Reed detained Alvarez-Becerra because his vehicle had a cracked windshield. Officer Reed was called as a witness at trial. He testified that he detained Alvarez-Becerra because he was driving a vehicle that had a "significant crack" in the windshield.

The jury found Alvarez-Becerra guilty as charged. He was sentenced to serve 100 months in person, two years of supervised release, and a $100.00 special penalty assessment.

III

This action arises under 8 U.S.C. § 1326. The district court had jurisdiction over the action pursuant to 18 U.S.C. § 3231. We have jurisdiction over Alvarez-Becerra's timely appeal from the final judgment pursuant to 28 U.S.C. § 1291.

IV

Alvarez-Becerra contends that the district court erred as a matter of law in ruling that illegally-obtained evidence of a defendant's identity may not be suppressed in a criminal prosecution. On appeal from a motion to suppress, we review a district court's conclusions on questions of law      de novo . United States v. Minjares-Alvarez  , 264 F.3d 980, 983 (10th Cir. 2001).

The instant case arose out of a traffic stop. "A traffic stop, however brief, constitutes a seizure within the meaning of the Fourth Amendment, and is therefore only constitutional if it is 'reasonable.'" United States v. Callarman, 273 F.3d 1284, 1286 (10th Cir. 2001) (citation omitted). "[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc); see Callarman, 273 F.3d at 1286 (quoting Botero-Ospina and holding that "[w]hile either probable cause or reasonable suspicion is sufficient to justify a traffic stop, only the lesser requirement of reasonable suspicion is necessary.").

When faced with a motion to suppress evidence obtained as an incident to a traffic stop, the Government must present evidence to show that the traffic stop was justified by a reasonable, articulable suspicion of illegal activity. Proof of "the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." United States v. Arvizu, 2002 WL 46773, at *5 (U.S. Jan. 15, 2002.).

We also review de novo whether the Government has presented sufficient facts to demonstrate that a traffic stop was based on reasonable articulable

-6-

suspicion. Callarman, 273 F.3d at 1287. "Our sole inquiry . . . is whether this particular officer had reasonable suspicion that this particular motorist violated 'any one of the multitude of applicable traffic and equipment regulations' of the jurisdiction." Id. (citation omitted); see also Arvizu, 2002 WL 46773, at *5 (stating that reviewing courts should make reasonable-suspicion determinations by looking at the "'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing.") (citation omitted).

In reviewing a district court's denial of a motion to suppress, this court is "not limited to considering only the evidence introduced at the suppression hearing. This court may also consider any evidence properly presented at trial, even though that evidence might not have been introduced at the pretrial hearing." United States v. Rios, 611 F.2d 1335, 1344 n.14 (10th Cir. 1979) (citing United States v. Smith, 527 F.2d 692, 694 (10th Cir. 1975)); see also United States v. Corral, 970 F.2d 719, 723 (10th Cir. 1992) (stating that "[a]s a reviewing court, we are not confined simply to the evidence adduced during the suppression hearing. In evaluating the correctness of the district court's rulings, the appellate court may consider the entire record developed from the trial even though such evidence may not have been presented during the suppression hearing.") The record shows that Alvarez-Becerra conceded in the motion to suppress and in his

opening statement to the jury that Officer Reed stopped him because his windshield was cracked.  "Though statements in briefs or during oral argument are not necessarily binding admissions, we may consider them as such at our discretion."  See Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 769 (10th Cir. 1997); Guidry v. Sheet Metal Worker's Int'l Assn., Local No. 9, 10 F.3d 700, 716 (10th Cir. 1993) (stating that "[j]udicial admissions are formal admissions . . . which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.") (internal quotations and citation omitted).

The record of the trial proceedings reflects that Officer Reed testified that he detained Alvarez-Becerra because he was driving a vehicle with a cracked windshield.  Under New Mexico law, a motor vehicle with a cracked windshield may be stopped if the officer had reasonable grounds to believe that the crack in the windshield made the vehicle dangerous.  State v. Munoz, 965 P.2d 349, 353-54 (N.M. Ct. App. 1998) (discussing N.M. Stat. Ann. § 66-3-801 which makes it a misdemeanor to violate N.M. Stat. Ann. §§ 66-3-801 through 66-3-887); see also N.M. Stat. Ann. § 66-3-846 (Michie 1978) (stating that windshields must be unobstructed); Albuquerque, N.M., Code Ordinances § 8-6-7 (2001) (effective 1974) (stating that it is "unlawful for any person to drive a vehicle when the windshield . . . [is] in such defective condition as to impair the vision of the driver.").

Alvarez-Becerra maintains that the mere fact that he was driving a vehicle with a cracked windshield does not demonstrate that there was a reasonable suspicion that his vision was impaired. This Court has held that if an officer has a "reasonable articulable suspicion" to believe that a windshield crack substantially obstructed the defendant's view of the street, "[i]t is irrelevant whether the observed crack was, in fact, large enough to constitute a violation of the law." Callarman, 273 F.3d at 1287.

The United States Supreme Court has instructed that "[a] determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct." Arvizu, 2002 WL 46773, at *8. We are persuaded by our independent review of the record that Officer Reed did not detain Alvarez-Becerra illegally in attempting to determine whether the cracked windshield impaired his vision. Assuming arguendo that the crack in the windshield was not excessive enough to actually impair Alvarez-Becerra's vision of road conditions, such proof would not demonstrate that the detention to examine it was unreasonable.

We are free to affirm on any basis that is supported by the record. See Griess v. State, 841 F.2d 1042, 1047 (10th Cir. 1988) (stating that the Tenth Circuit is "'free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.'" (citation omitted)). Because the record shows that Officer

Reed had a reasonable, articulable suspicion that Alvarez-Becerra was operating a vehicle in violation of the law, we need not decide whether the district court ruled correctly that his identity would not have been suppressible in this criminal proceeding even if the stop and detention were illegal.

AFFIRMED.

Entered for the Court


Arthur L. Alarcón
Circuit Judge

**No. 01-2149,   United States v. Alvarez-Becerra**

**BRISCOE, Circuit Judge, concurring:**

I agree that Alvarez-Becerra's conviction should be affirmed, but I would arrive at that result by a different route.  I would address the legal issue raised rather than resolve a mixed question of law and fact in the first instance on appeal.  Here, the majority resolves for itself the question of whether the officer had a reasonable articulable suspicion to stop Alvarez-Becerra.  The majority resolves this fact-sensitive question even though it was not addressed by the district court and no evidence pertaining to the question was presented at the suppression hearing.

The majority concludes that a reasonable articulable suspicion existed based on the purported admission of Alvarez-Becerra's counsel that the windshield of the car was cracked and the testimony of the officer at trial that the crack was "significant."  In my view, this reasoning is problematic for two reasons.  First, the majority's analysis rests on evidence that was not presented at the suppression hearing.  Second, the evidence now relied upon does not support the court's conclusion with regard to the legality of the stop, i.e., the court assumed the stop was illegal; the majority concludes here that it was legal.

As the majority notes, when reviewing a district court's ruling on a motion to suppress, we are not limited to considering only the evidence introduced at the suppression hearing, but we may also consider evidence presented at trial.       See

United States v. Corral, 970 F.2d 719, 723 (10th Cir. 1992). However, we have also held that this rule is applicable only where the trial evidence supports the district court's decision, and that we will not consider trial evidence which undermines the court's decision unless it is of such a nature that the court should have immediately realized its earlier ruling was in error. United States v. Parra, 2 F.3d 1058, 1065 (10th Cir. 1993). We have applied this rule when reviewing rulings on motions to suppress where the district court determined the search at issue was legal and further evidence adduced at trial buttressed the court's determination. See Corral, 970 F.2d at 723; United States v. Smith, 527 F.2d 692, 693-96 (10th Cir. 1975). I question its application in a case such as this where the district court made no determination that the search was legal, but instead assumed the search was illegal.

Even if we look at the evidence presented at trial and treat the statements of defense counsel as judicial admissions that the windshield was cracked, we would still have no basis for concluding the officer had a reasonable articulable suspicion that a crime was being committed. See Terry v. Ohio, 392 U.S. 1, 29 (1968). The question is not whether the windshield was cracked, but the extent of the crack. As the majority recognizes, New Mexico law allows the stop of a motor vehicle with a cracked windshield if the officer has reasonable grounds to believe the crack makes the vehicle dangerous to drive. See State v. Munoz, 965

P.2d 349, 352-54 (N.M. Ct. App. 1998) ("Under our interpretation of [N.M. Stat. Ann. §] 66-3-801(A), the law is violated by driving a vehicle that is in an unsafe condition.") Therefore, the stop was lawful only if the officer had a reasonable articulable suspicion that the crack in the windshield made the vehicle dangerous to drive.

The officer testified at trial that the crack was "significant." This testimony, if believed by the district court, may have allowed the court to conclude the officer had a reasonable articulable suspicion which would justify the stop. The problem is that the court did not hear this evidence at the suppression hearing and made no such finding. As we did not hear the officer's testimony, we are ill-equipped to resolve questions of credibility or weigh any other evidence which may have been presented regarding the severity of the crack in the windshield. At a suppression hearing, "the credibility of the witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the trial judge." United States v. Fernandez, 18 F.3d 874, 876 (10th Cir. 1994).

This court can affirm the district court's decision on any legal ground supported by the record, even if that legal ground was not relied upon by the district court. United States v. Sandia, 188 F.3d 1215, 1217 (10th Cir. 1999). In this case, however, we cannot conclude as a matter of law that the officer had a

reasonable articulable suspicion that the cracked windshield rendered the vehicle dangerous to drive. Rather than resolve factual issues not addressed by the district court, I would address the issue raised by Alvarez-Becerra – whether and to what extent his identity is subject to suppression.

I note at the outset that it is not clear, either from the briefs or from oral argument, whether Alvarez-Becerra seeks suppression of the fact of his identity or simply his statement of his name to Officer Reed. If Alvarez-Becerra seeks suppression of the fact of his identity, such that the government should have been precluded from identifying him at trial, his contention must fail in light of the decision in INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."). Although the Court's statement was initially made in response to the jurisdictional argument that respondent Lopez-Mendoza should not be subject to prosecution because his arrest was illegal, the Court reiterated the statement when addressing respondent Sandoval-Sanchez' evidentiary argument and the relative value of the exclusionary rule in deportation proceedings. Id. at 1043. The clear import of the Court's statement is that the "identity" of a defendant is not itself suppressible; that is, the mere fact that a defendant was illegally brought before the court or

that his or her identity was learned as the result of an illegal search or arrest does not mean that the government will not be allowed to prove the defendant's identity. See id. at 1039. Both the Fifth and Ninth Circuits have read the Court's statement to mean that the defendant's identity is not suppressible in criminal actions. See United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1999); United States v. Guzman-Bruno, 27 F.3d 420, 421-22 (9th Cir. 1994).

If Alvarez-Becerra is arguing that his statement to Officer Reed regarding his identity should have been suppressed, we are faced with a different question. Tangible evidence of a defendant's identity, such as statements made by defendant or fingerprints taken from defendant during an illegal arrest or stop are subject to suppression. See United States v. Guevara-Martinez, 262 F.3d 751, 755-56 (8th Cir. 2001). Thus, if the stop was illegal, as the district court assumed, Alvarez-Becerra's statement regarding his identity would be subject to suppression. However, suppression of Alvarez-Becerra's statement of his identity would not have prevented the government from proving his identity by other means. Here, the government proved his identity at trial by an INS agent's identification. Any error by the district court in failing to suppress Alvarez-Becerra's statement of his identity was harmless. See United States v. Espinoza, 244 F.3d 1234, 1240 (10th Cir. 2001) (holding a trial court's decision to admit or exclude evidence is

harmless absent a substantial influence on the outcome or "grave doubt" as to whether it had such effect).

In the final analysis, it matters not whether Alvarez-Becerra is arguing that the fact of his identity should have been suppressed or simply that his statement of his identity should have been suppressed. I would affirm his conviction.