BRISCOE, Circuit Judge,
concurring.
I agree that Alvarez-Becerra’s conviction should be affirmed, but I would arrive at that result by a different route. I would address the legal issue raised rather than resolve a mixed question of law and fact in the first instance on appeal. Here, the majority resolves for itself the question of whether the officer had a reasonable articulable suspicion to stop Alvarez-Becerra. The majority resolves this fact-sensitive question even though it was not addressed by the district court and no evidence pertaining to the question was presented at the suppression hearing.
*408 The majority concludes that a reasonable articulable suspicion existed based on the purported admission of Alvarez-Becerra’s counsel that the windshield of the car was cracked and the testimony of the officer at trial that the crack was “significant.” In my view, this reasoning is problematic for two reasons. First, the majority’s analysis rests on evidence that was not presented at the suppression hearing. Second, the evidence now relied upon does not support the court’s conclusion with regard to the legality of the stop, i.e., the court assumed the stop was illegal; the majority concludes here that it was legal.
As the majority notes, when reviewing a district court’s ruling on a motion to suppress, we are not limited to considering only the evidence introduced at the suppression hearing, but we may also consider evidence presented at trial. See United States v. Corral, 970 F.2d 719, 723 (10th Cir.1992). However, we have also held that this rule is applicable only where the trial evidence supports the district court’s decision, and that we will not consider trial evidence which undermines the court’s decision unless it is of such a nature that the court should have immediately realized its earlier ruling was in error. United States v. Parra, 2 F.3d 1058, 1065 (10th Cir.1993). We have applied this rule when reviewing rulings on motions to suppress where the district court determined the search at issue was legal and further evidence adduced at trial buttressed the court’s determination. See Corral, 970 F.2d at 723; United States v. Smith, 527 F.2d 692, 693-96 (10th Cir.1975). I question its application in a case such as this where the district court made no determination that the search was legal, but instead assumed the search was illegal.
Even if we look at the evidence presented at trial and treat the statements of defense counsel as judicial admissions that the windshield was cracked, we would still have no basis for concluding the officer had a reasonable articulable suspicion that a crime was being committed. See Terry v. Ohio, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The question is not whether the windshield was cracked, but the extent of the crack. As the majority recognizes, New Mexico law allows the stop of a motor vehicle with a cracked windshield if the officer has reasonable grounds to believe the crack makes the vehicle dangerous to drive. See State v. Munoz, 125 N.M. 765, 965 P.2d 349, 352-54 (N.M.Ct.App.1998) (“Under our interpretation of [N.M. Stat. Ann. § ] 66-3-801(A), the law is violated by driving a vehicle that is in an unsafe condition.”) Therefore, the stop was lawful only if the officer had a reasonable articulable suspicion that the crack in the windshield made the vehicle dangerous to drive.
The officer testified at trial that the crack was “significant.” This testimony, if believed by the district court, may have allowed the court to conclude the officer had a reasonable articulable suspicion which would justify the stop. The problem is that the court did not hear this evidence at the suppression hearing and made no such finding. As we did not hear the officer’s testimony, we are ill-equipped to resolve questions of credibility or weigh any other evidence which may have been presented regarding the severity of the crack in the windshield. At a suppression hearing, “the credibility of the witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the trial judge.” United States v. Fernandez, 18 F.3d 874, 876 (10th Cir.1994).
This court can affirm the district court’s decision on any legal ground supported by the record, even if that legal ground was not relied upon by the district *409 court. United States v. Sandia, 188 F.3d 1215, 1217 (10th Cir.1999). In this case, however, we cannot conclude as a matter of law that the officer had a reasonable articulable suspicion that the cracked windshield rendered the vehicle dangerous to drive. Rather than resolve factual issues not addressed by the district court, I would address the issue raised by Alvarez-Becerra—whether and to what extent his identity is subject to suppression.
I note at the outset that it is not clear, either from the briefs or from oral argument, whether Alvarez-Becerra seeks suppression of the fact of his identity or simply his statement of his name to Officer Reed. If Alvarez-Becerra seeks suppression of the fact of his identity, such that the government should have been precluded from identifying him at trial, his contention must fail in light of the decision in INS v. Lopez-Mendoza, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (“The ‘body1 or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.”). Although the Court’s statement was initially made in response to the jurisdictional argument that respondent Lopez-Mendoza should not be subject to prosecution because his arrest was illegal, the Court reiterated the statement when addressing respondent Sandoval-Sanchez’ evidentiary argument and the relative value of the exclusionary rule in deportation proceedings. Id. at 1043. The clear import of the Court’s statement is that the “identity” of a defendant is not itself suppressible; that is, the mere fact that a defendant was illegally brought before the court or that his or her identity was learned as the result of an illegal search or arrest does not mean that the government will not be allowed to prove the defendant’s identity. See id. at 1039. Both the Fifth and Ninth Circuits have read the Court’s statement to mean that the defendant’s identity is not suppressible in criminal actions. See United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir.1999); United States v. Guzman-Bruno, 27 F.3d 420, 421-22 (9th Cir.1994).
If Alvarez-Becerra is arguing that his statement to Officer Reed regarding his identity should have been suppressed, we are faced with a different question. Tangible evidence of a defendant’s identity, such as statements made by defendant or fingerprints taken from defendant during an illegal arrest or stop are subject to suppression. See United States v. Guevara-Martinez, 262 F.3d 751, 755-56 (8th Cir.2001). Thus, if the stop was illegal, as the district court assumed, Alvarez-Becerra’s statement regarding his identity would be subject to suppression. However, suppression of Alvarez-Becerra’s statement of his identity would not have prevented the government from proving his identity by other means. Here, the government proved his identity at trial by an INS agent’s identification. Any error by the district court in failing to suppress Alvarez-Becerra’s statement of his identity was harmless. See United States v. Espinoza, 244 F.3d 1234, 1240 (10th Cir.2001) (holding a trial court’s decision to admit or exclude evidence is harmless absent a substantial influence on the outcome or “grave doubt” as to whether it had such effect).
In the final analysis, it matters not whether Alvarez-Becerra is arguing that the fact of his identity should have been suppressed or simply that his statement of his identity should have been suppressed. I would affirm his conviction.