**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-41253
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR SANCHEZ-SANCHEZ,

Defendant-

Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-508-ALL
--------------------------------------------------------
August 23, 2002

Before JOLLY, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cesar Sanchez-Sanchez (Sanchez) appeals his conditional guilty-plea conviction and sentence

for illegal reentry following deportation after an aggravated-felony conviction. He first asserts that

the district court committed plain error in its imposition of criminal history points based upon a

conviction that occurred more than ten years before the prior conviction. Sanchez cannot show plain

error arising from his sentence because the sentence received was lower than the sentence range he

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

believes was correct and because the district court could have reimposed the same sentence.  See United States v. Leonard, 157 F.3d 343, 345-46 (5th Cir. 1998).

Sanchez also asserts that the district court erred in denying his motion to suppress his immigration file, his identity, and his fingerprints as a result of the illegal stop of the vehicle in which he was a passenger.  Sanchez's fingerprints were admitted by the district court only for identification purposes.  Evidence of a defendant's identity, including his immigration file are not suppressible, even if the evidence is found as the result of an illegal detention or arrest.  United States v. Herrera-Ochoa, 245 F.3d 495, 498-99 (5th Cir. 2001); United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1999).

Sanchez asserts that his indictment is deficient because it does not allege general intent.  He concedes that his contention is foreclosed by United States v. Guzman-Ocampo, 236 F.3d 233 (5th Cir. 2000), cert. denied, 533 U.S. 953 (2001).  See also United States v. Berrios-Centeno, 250 F.3d 294, 297 (5th Cir.), cert. denied, 122 S. Ct. 288 (2001).  Sanchez raises this issue only to preserve it for review by the Supreme Court.

AFFIRMED.