UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARIO NELSON CASTILLO-CUEVAS,
a/k/a Mario Castillo, a/k/a Nelson
Lopez, a/k/a Mario Cuevas, a/k/a
Mario Cueva,

*Defendant-Appellant.*

No. 04-4155

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-03-426-A)

Submitted: June 28, 2004

Decided: August 3, 2004

Before NIEMEYER and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Stephen D. Quatannens, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Andrew E. Lelling, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Mario Nelson Castillo-Cuevas, a/k/a Mario Castillo, a/k/a Nelson Lopez, a/k/a Mario Cuevas, a/k/a Mario Cueva, a native and citizen of El Salvador, appeals his conviction for being found present in the United States without the express consent of the Secretary of the Department of Homeland Security after previously being deported, in violation of 8 U.S.C. § 1326(a) (2000); 6 U.S.C.A. §§ 202(4), 557 (West Supp. 2004). Castillo-Cuevas asserts the district court erred when it denied his motion to suppress evidence of his identity obtained in an investigatory stop and interrogation by police. Finding no error, we affirm.

We review the district court's factual findings underlying its determination of a motion to suppress for clear error and the district court's legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

"An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. *Id.*; *see also United States v. Hensley*, 469 U.S. 221, 232 (1985). In assessing police conduct in a *Terry* stop, courts must look to the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 8 (1989).

"In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment." *Hiibel v.*

*Sixth Judicial Dist. Court of Nev.*, No. 03-5554, ___ U.S. ___, 2004 WL 1373207, at *5 (U.S. June 21, 2004). Moreover, "questions concerning a suspect's identity are a routine and accepted part of many *Terry* stops." *Id.* (citations omitted). Officers conducting a *Terry* stop may take steps reasonably necessary to check for identification, protect their personal safety, and maintain the status quo. *Hensley*, 469 U.S. at 229, 235; *see also United States v. Moore*, 817 F.2d 1105, 1108 (4th Cir. 1987) (brief but complete restriction of liberty is valid under *Terry*).

A suspect is in custody if he has been formally arrested or questioned under circumstances in which his freedom of action is curtailed to the degree associated with formal arrest. *United States v. Leshuk*, 65 F.3d 1105, 1108 (4th Cir. 1995) (citing *Stansbury v. California*, 511 U.S. 318, 321 (1994)). However, "[i]nstead of being distinguished by the absence of any restriction of liberty, *Terry* stops differ from custodial interrogation in that they must last no longer than necessary to verify or dispel the officer's suspicion." *Id.* at 1109.

Under these principles, we find the district court did not err in denying Castillo-Cuevas's motion to suppress. While a determination of reasonable suspicion does not depend on any single factor, "an unverified tip from a known informant may alone justify a reasonable suspicion of criminal activity." *United States v. Singh*, 363 F.3d 347, 355 (4th Cir. 2004). Our review of the record convinces us that officers had more than sufficient reasonable and individualized suspicion to stop and seek identification from Castillo-Cuevas. We also agree with the district court that Castillo-Cuevas was not in custody until officers confirmed he was in the United States illegally, he was informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and he was formally placed under arrest. Moreover, the identity of a defendant "in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *see also United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999) (neither identity nor INS file is suppressible in a criminal prosecution under 8 U.S.C. § 1326). We therefore affirm Castillo-Cuevas's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*