**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2012

Lyle W. Cayce
Clerk

No. 11-50220
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN FIDENCIO ROMO-DE LA ROSA, also known as Juan Roma-De La Rosa,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-20-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Fidencio Romo-De La Rosa challenges his conditional-guilty-plea conviction for illegal reentry following deportation, which resulted in a sentence of, *inter alia*, 46-months' imprisonment. Romo maintains the district court erred in denying his motion to suppress evidence obtained when a police officer, after identifying Romo as a suspect in an attempted burglary, requested his name and date of birth. He claims this questioning violated his Fifth Amendment right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50220

against self-incrimination because he had not been advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

On appeal from denial of a motion to suppress, issues of law are reviewed *de novo*; findings of fact, for clear error, viewing the evidence in the light most favorable to the prevailing party. *E.g.*, *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir.), *cert. denied sub nom. Armijo v. United States*, 131 S. Ct. 177 (2010). Assuming those findings are not clearly erroneous, whether the words or actions of law enforcement constituted "custodial interrogation" for *Miranda* purposes is reviewed *de novo*. *E.g.*, *United States v. Chavira*, 614 F.3d 127, 132 n.7 (5th Cir. 2010).

There is no evidence the officer knew–or grounds for contending she should have known–that her requests for Romo's name and date of birth were "reasonably likely to elicit an incriminating response". *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). Moreover, evidence of Romo's identity, such as his record as a deported felon, is not subject to suppression as "fruit of the poisonous tree". *E.g.*, *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999). In sum, Romo has failed to identify any evidence obtained by the officer's questioning that is subject to suppression.

AFFIRMED.