# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN JAVIER NEVAREZ VILLA, also known as Manuel Alvarado Rodriguez, also known as Manuel Alvarado-Rodriguez, also known as Martin Villa Nevarez, also known as Martin Javier Navarez, also known as Martin Sauier Navarez, also known as Martin Javier Nevarez-Villa, also known as Martin Villa Navares, also known as Martin J. Nevarez Villa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-555-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Martin Javier Nevarez Villa ("Villa") appeals his conviction resulting from the district court's denial of his motion to suppress. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20066

## BACKGROUND

On June 3, 2011, Officer Keith Jensen of the Houston Police Department ("HPD") observed an unoccupied truck parked within 100 feet of an intersection and blocking a lane of traffic. Officer Jansen parked his patrol car behind the truck and began to run a computer check on the license plate number when Villa approached him and informed him that he owned the truck. Officer Jensen asked Villa if he had any identification, and Villa produced a driver's license. Although a computer search revealed that the license was suspended, Officer Jensen elected not to issue a citation and instead asked Villa to move his truck into the adjacent parking lot and warned him not to continue driving while his license was suspended. As Officer Jensen was finishing his paperwork, he saw Villa drive away. Officer Jensen then pulled over Villa's truck and arrested Villa for driving with a suspended license. A search of Villa's INS file later revealed that Villa had previously been deported for entering the country illegally and was present in the country illegally at the time of his arrest.

Villa was charged by indictment with illegal reentry, in violation of 8 U.S.C. § 1326(a). Before trial, he moved to suppress evidence that he was in the United States illegally. After an evidentiary hearing, the district court denied his motion. Villa was found guilty of illegal reentry after a bench trial, and was sentenced to 36 months' imprisonment.

## DISCUSSION

Villa appeals his conviction on the basis that the district court erred in denying his motion to suppress. He contends that evidence of his identity and illegal presence in the United States should have been suppressed because Officer Jensen lacked probable cause to believe that Villa was parked illegally. All of the evidence underlying Villa's illegal reentry conviction, his argument goes, was obtained by exploitation of the initial illegal search.

We agree with the district court that evidence of Villa's identity and illegal presence in the United States was not subject to suppression under the

exclusionary rule. First, the initial encounter between Villa and Officer Jensen was consensual, and thus did not require reasonable suspicion or probable cause. It is undisputed that Villa initiated the encounter, handed over his identification upon request, and left of his own accord. We have held that similar encounters did not constitute Fourth Amendment seizures. *See, e.g.*, *United States v. Encarnacion-Galvez*, 964 F.2d 402, 405-10 (5th Cir. 1992). Second, assuming *arguendo* that the encounter was not consensual, Officer Jensen had reasonable suspicion that Villa illegally parked his vehicle. Officer Jensen testified at the evidentiary hearing that Villa's car was "parked within a hundred feet of an intersection blocking the moving lane of traffic" and that it was located in "a no-parking zone." This testimony, which we view in the light most favorable to the government, *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011), supports the district court's finding that Officer Jensen's suspicion was reasonable. Third, after Officer Jensen conducted the license search and saw Villa drive by him, he had probable cause to arrest Villa for driving with a suspended license.[1]

## CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[1] We note separately that even if Villa could show that the stop and seizure were illegal, his identity and illegal presence would likely not be suppressible on that basis. *See United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999) (referencing *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984)).