# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50675
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO MONTES-NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-14

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Gerardo Montes-Nunez was convicted of having been unlawfully present in the United States after removal, and he was sentenced to 10 months in prison. On appeal, Montes-Nunez, who was arrested following a traffic stop, claims that the evidence obtained by Border Patrol agents—including his identity-related statements, fingerprints, photograph, and A-file—should have been suppressed as fruits of what the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined was an illegal seizure.  Thus, he contends that the district court erred in denying his pretrial motion to suppress.

As an initial matter, Montes-Nunez waived any challenge regarding his A-file through his counsel's statement at the suppression hearing that Montes-Nunez was not "seeking to suppress his A file."  Thus, his claim on this point is "entirely unreviewable."  *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).

The Government has moved for summary affirmance on the ground that the sole issue raised by Montes-Nunez is foreclosed.  This court has held that even if there was a Fourth Amendment violation, evidence of identity is not suppressible.  *See United States v. Hernandez-Mandujano*, 721 F.3d 345, 351 (5th Cir. 2013); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999).  Accordingly, as Montes-Nunez concedes, his argument is foreclosed.  *See Roque-Villanueva*, 175 F.3d at 346.  Further, although Montes-Nunez argues that *Roque-Villanueva* was wrongly decided, one panel of this court may not overrule a prior decision of another panel in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court.  *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

The motion for summary affirmance is GRANTED.

AFFIRMED.