# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50021
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PAUL RODRIGUEZ, also known as Juan Pablo-Rodriguez, also known as Juan Pablo Rodriguez, also known as John Paul Rodriguez, also known as John P. Rodriguez, also known as Juan P. Rodriguez, also known as Juan Rodriguez, also known as Juan Rodriguez-Pablo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-632-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Juan Paul Rodriguez was convicted of having been unlawfully present in the United States after removal, and he was sentenced to 46 months of imprisonment. On appeal, Rodriguez, who was arrested following an immigration inspection stop, claims that the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50021

obtained by Border Patrol agents—including his verbal statements, his fingerprints, and his A-file—should have been suppressed as fruits of an illegal seizure. Accordingly, he contends that the district court erred in denying his pretrial motion to suppress.

As Rodriguez concedes, even assuming that the immigration stop was illegal, his argument that the district court should have suppressed his identity evidence is foreclosed. *See United States v. Hernandez-Mandujano*, 721 F.3d 345, 348, 351 (5th Cir. 2013); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999). Rodriguez asks this court to adopt precedent that recognizes the suppression of an alien's identity evidence when it is discovered after an illegal detention. However, we may not overrule a prior decision of another panel in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the Supreme Court. *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

AFFIRMED.