# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2021

Lyle W. Cayce
Clerk

No. 21-50051
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERNESTO LARA-HIDALGO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1617-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Ernesto Lara-Hidalgo appeals his conviction after a stipulated bench trial of one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). Lara-Hidalgo had filed a motion to suppress in the district court contending that a border patrol agent had performed a traffic stop on a vehicle

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50051

that he was riding in without reasonable suspicion and that the evidence obtained as a result of the stop was subject to suppression. While the district court agreed that certain of the evidence was subject to suppression, it found that Lara-Hidalgo's "identity-related statements, fingerprints, and photograph" were not subject to suppression. Lara-Hidalgo challenges the district court's partial denial of his motion to suppress on appeal but concedes, as he did in the district court, that his argument is foreclosed by *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999), and he raises the issue to preserve it for further review.

The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief on the merits. This court has held that even if there was a Fourth Amendment violation, evidence of an alien's identity is not suppressible. *See United States v. Hernandez-Mandujano*, 721 F.3d 345, 351 (5th Cir. 2013); *Roque-Villanueva*, 175 F.3d at 346. Thus, Lara-Hidalgo's argument is in fact foreclosed. *See Roque-Villanueva*, 175 F.3d at 346.

Accordingly, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief on the merits is DENIED AS MOOT. The judgment of the district court is AFFIRMED.