# United States Court of Appeals for the Fifth Circuit

No. 22-50165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TEODORO DE LA TORRE-MERCADO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-223-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Plaintiff-Appellant Teodoro De La Torre-Mercado appeals his conviction following a bench trial for illegal reentry after removal. After he was initially arrested by an El Paso County Sheriff's deputy, he was transferred to the custody of the U.S. Border Patrol. While in that custody, De La Torre-Mercado admitted that he was a citizen of Mexico and was here

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50165

without proper documentation. This was confirmed by an immigration check. On appeal, he contends that the evidence obtained by Border Patrol agents—his verbal statements, identification, and immigration records—should have been suppressed as fruits of an illegal seizure, and that the district court erred in denying his pretrial motion to suppress that evidence. When reviewing the denial of a motion to suppress, we consider the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Rodriguez*, 33 F.4th 807, 810–11 (5th Cir. 2022).

Appellant concedes that, even if we assume that the deputy's initial stop was illegal, his contention that the district court should have suppressed his identity evidence is foreclosed. *See United States v. Hernandez-Mandujano*, 721 F.3d 345, 347, 351 (5th Cir. 2013); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999). Appellant's attempt to distinguish our precedent on the basis that the initial stop involved a state versus a federal actor is meritless. *See Elkins v. United States*, 364 U.S. 206, 215 (1960) ("To the victim it matters not whether his constitutional right has been invaded by a federal agent or by a state officer."). Although Appellant contends that *Roque-Villanueva* was wrongly decided, we may not overrule a prior decision of another panel in the absence of an intervening contrary decision by this court sitting en banc or by the Supreme Court. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

The district court's judgment is AFFIRMED.