# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50274
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAFAEL ROBLES-HERNANDEZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 22-50576

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN JOSE MORALES-SALAZAR,

*Defendant—Appellant*,

No. 22-50274
c/w Nos. 22-50576, 22-50580

CONSOLIDATED WITH

_____

No. 22-50580

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGAR URESTE-MEZA,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-859-1

_____

Before BARKSDALE, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Rafael Robles-Hernandez, Juan Jose Morales-Salazar, and Edgar Ureste-Meza were indicted for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1). They moved to suppress evidence regarding their being discovered in the United States, contending they were seized unlawfully in violation of the Fourth Amendment. The district court denied their motions, and each entered a conditional guilty plea, reserving the right to appeal the adverse suppression ruling.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50274
c/w Nos. 22-50576, 22-50580

They contend the court erred by denying their suppression motion because the Border Patrol agent who stopped the truck in which they were riding lacked reasonable suspicion to initiate the stop, and the unlawful stop led to defendants' discovery. *E.g.*, *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) (explaining factors for determining whether reasonable suspicion exists to execute stop).

When considering the denial of a suppression motion, the district court's legal conclusions are reviewed *de novo*; its factual findings, for clear error. *E.g.*, *United States v. Rodriguez*, 33 F.4th 807, 810–11 (5th Cir. 2022). "[W]e may affirm the district court's denial of a motion to suppress on any basis established in the record". *United States v. Hernandez-Mandujano*, 721 F.3d 345, 351 (5th Cir. 2013).

We need not consider whether the court erred in its reasonable-suspicion analysis because "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest". *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999) (quoting *INS v. Lopez-Medoza*, 468 U.S. 1032, 1039 (1984)).

AFFIRMED.