UNITED STATES of America,
Plaintiff-Appellee,

v.

Julio Enrique PINEDA–CHINCHILLA,
Defendant-Appellant.

No. 83–3148
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1983.

Certiorari Denied Nov. 7, 1983.
See 104 S.Ct. 402.

Virginia Laughlin Schlueter, Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Thomas L. Watson, Harry W. McSherry, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

A United States customs agent observed an automobile being driven in an erratic manner in the vicinity of the Napoleon Avenue "B" wharf in New Orleans, Louisiana. Suspecting the driver to be intoxicated, the agent stopped the vehicle and ran a license check. He learned that the car had been reported stolen, and arrested the driver and two passengers. An investigation by the United States Immigration and Naturalization Service revealed that one of the passengers, Julio Enrique Pineda-Chinchilla, had been deported from the United States in 1977 and was present in the country without having acquired the proper authorization from the Attorney General.

Pineda-Chinchilla was charged with illegally reentering the United States in violation of 8 U.S.C. § 1326. He moved the federal district court to suppress the "non-existence of proper authorization to be in the United States." The motion was denied, and Pineda-Chinchilla was convicted. He presents a single issue on appeal: If an illegal arrest brings to the attention of authorities the fact that an individual is present in the United States and a subsequent check of independently created and maintained records indicates that the individual is an illegal alien, must the independent government records be suppressed as the product of the illegal arrest because they are "the fruit of the poisonous tree"? We answer this question in the negative and affirm the judgment of the district court.

For present purposes, we assume that Pineda-Chinchilla's arrest was illegal. Pineda-Chinchilla does not allege that his belongings or his person were illegally searched. An illegal arrest, without more, is neither a bar to subsequent prosecution nor a defense to a valid conviction. *United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); *Men Keng Chang v. Jiugni*, 669 F.2d 275, 279 (5th Cir.1982). His sole contention is that because his illegal arrest necessarily revealed his identity and presence at the scene, the arrest led the government to records indicating the "non-existence of proper authorization to be in the United States." Therefore, he argues, those independent "status" records must be suppressed.

Pineda-Chinchilla's contention is meritless. Pineda-Chinchilla has no posses-

sory or proprietary interest in the INS file or the documentary information contained in that file. Since he has no legitimate expectation of privacy in the file, he has no standing to challenge its introduction into evidence. *See Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978); *United States v. Baldwin,* 691 F.2d 718, 721 (5th Cir.1982).[1]

Pineda-Chinchilla's argument is without merit. The judgment of the district court is

AFFIRMED.

---

1. The Ninth Circuit has held that "there is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence." *Hoonsilapa v. Immigration and Naturalization Service,* 575 F.2d 735, 738 (9th Cir.1978), *modified on other grounds,* 586 F.2d 755 (1978). *See also United States v. Orozco-Rico,* 589 F.2d 433, 435 (9th Cir.), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1518, 59 L.Ed.2d 783 (1978); *United States v. Cella,* 568 F.2d 1266, 1285–86 (9th Cir.1977). *But see Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969) (fingerprints are suppressible evidence). Because we hold that Pineda-Chinchilla lacked standing to assert fourth amendment rights with respect to the files, we neither adopt nor reject the reasoning of the Ninth Circuit.