United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51352
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ENRIQUE BAEZA-CASTILLO, also known as
Jorge Enrique Lopez, also known as
Jorge Lopez-Castillo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-220-ALL-EP
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Enrique Baeza-Castillo appeals his conditional guilty-plea conviction for illegal reentry following deportation.  As an initial matter, Baeza-Castillo's motion to supplement or correct the record excerpts is GRANTED.

Baeza-Castillo argues that the factual basis was insufficient to support his conviction.  At rearraignment, the Government stated that if it were to proceed to trial, it would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

show that Baeza-Castillo (1) was a native and citizen of Mexico; (2) was found within the United States on April 15, 2002; (3) had previously been deported; and (4) did not receive permission to reenter.  Baeza-Castillo admitted that he committed the acts described by the Government.  Under the plain-error standard of review, the facts as set forth by the Government at the guilty-plea hearing were more than adequate to support Baeza-Castillo's guilty plea to illegal reentry.  See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc); United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995).

Baeza-Castillo next argues that the district court erred in denying his motion to suppress his fingerprints and INS A-file because they were the fruits of the illegal arrest.  Even assuming that Baeza-Castillo's arrest was illegal, this argument is foreclosed by our precedent.  See United States v. Herrera-Ochoa, 245 F.3d 495, 498 (5th Cir. 2001); United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1999); United States v. Pineda-Chinchilla, 712 F.2d 942, 944 (5th Cir. 1983).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

MOTION GRANTED; AFFIRMED.