United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-51357
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ENRIQUE BAEZA-CASTILLO,
also known as Jorge Enrique Lopez,
also known as Raul Alaniz, Jr.,
also known as Jorge Enrique Baeza,
also known as Jorge Baeza-Castillo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-305-ALL-EP
--------------------

Before HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Jorge Enrique Baeza-Castillo appeals the revocation of

his supervised release following his guilty-plea conviction

for illegal reentry into the United States after deportation.

He argues that the district court plainly erred in finding that

_____

[*] This matter is being decided by a quorum. 28 U.S.C.
§ 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he violated the conditions of his supervised release as the Government failed to prove he was the same person who was placed on supervised release. The district court took judicial notice that Baeza-Castillo pleaded guilty to illegal reentry into the United States following deportation while he was on supervised release and that this was a violation of the terms of his supervised release. The district court did not err in revoking Baeza-Castillo's supervised release based on its finding that he had violated the terms of his supervised release by committing another offense while on supervised release. See 18 U.S.C. § 3583(e)(3).

Baeza-Castillo argues that the district court erred in allowing the introduction of evidence obtained in violation of his Fourth Amendment rights. This argument was raised and rejected in the separate criminal proceeding in which he was charged and convicted of illegal reentry into the United States following deportation (Case No. SA-02-CR-220-EP); this court also rejected the argument on appeal. United States v. Baeza-Castillo, No. 02-51352 (5th Cir. Aug. 18, 2003). He may not challenge his illegal reentry conviction in this appeal of the revocation of his supervised release.

Baeza-Castillo argues that the district court denied his right to allocution. The record indicates that the district court addressed Baeza-Castillo and asked if he had anything to say before he was sentenced; he apologized to the court, stated

he was remorseful, and stated that he returned to the United States to be with his wife who has cancer. Therefore, the record reflects that Baeza-Castillo was not denied the right to allocution.

AFFIRMED.