# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-10192
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERARDO ALVA-BARBOSA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-128-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gerardo Alva-Barbosa appeals his conditional guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). Alva-Barbosa argues that the district court erred in denying his motion to suppress his INS file, identity evidence, including his fingerprints, and his statement to Immigration and Customs Enforcement (ICE) agents, because they were the fruits of an illegal traffic stop.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On July 26, 2007, Alva-Barbosa was a passenger in a vehicle that was stopped by police because the vehicle's license plate was partially obstructed by a trailer hitch. The driver of the vehicle was arrested for not having a valid driver's license or proof of insurance. The officer who stopped the vehicle determined that he could release the vehicle to Alva-Barbosa if Alva-Barbosa had a valid driver's license. After relaying Alva-Barbosa's name and date of birth to his dispatcher, the officer was informed by the dispatcher that Alva-Barbosa was wanted on an outstanding traffic warrant. Based on that outstanding warrant, the officer took Alva-Barbosa into custody.

Five days later, on July 31, 2007, Alva-Barbosa was turned over to Immigration and Customs Enforcement (ICE) authorities and fingerprinted. ICE agents discovered that Alva-Barbosa previously had been deported. The agents confirmed that the fingerprints taken on July 31, 2007, matched the fingerprints in Alva-Barbosa's Immigration and Naturalization Service (INS) A-file. Alva-Barbosa gave agents a sworn statement in which he admitted to the previous deportation and to illegally reentering the United States.

Alva-Barbosa moved to suppress all evidence and information obtained as a result of the stop. He does not argue that the grounds offered by the police for the stop were a pretext for an investigatory stop. Instead, he argues that the officer had no legal basis to stop the vehicle because a trailer hitch obscuring a license plate was not a traffic offense under the Texas Transportation Code.

However, we do not need to decide whether the traffic stop was legal, because even assuming that it was illegal, the district court did not err in denying the motion to suppress.

The 'fruit of the poisonous tree' doctrine holds that all evidence obtained from an illegal search must be suppressed unless "there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment violation." *See United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005) (internal quotation marks and citation omitted). Alva-Barbosa

was arrested based on an outstanding warrant for a traffic violation, after the driver of the car in which he was a passenger was arrested, and as a result of the officer's attempt to determine whether Alva-Barbosa had a valid driver's license so that the car could be released to him. Five days after Alva-Barbosa had been placed in custody based on that warrant, ICE agents assumed custody of him, fingerprinted him, and subsequently discovered that he previously had been deported. Under these circumstances, the evidence to which Alva-Barbosa objects – his identity, fingerprints, statement, and INS file – was obtained "by means sufficiently distinguishable to be purged of" any taint, *see Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005). Accordingly, we do not find that the evidence was a product of the allegedly unlawful stop.

Moreover, Alva-Barbosa's argument that his identity and his INS file should have been suppressed is foreclosed by this court's precedent. *See United States v. Herrera-Ochoa*, 245 F.3d 495, 498 (5th Cir. 2001); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999); *United States v. Pineda-Chinchilla*, 712 F.2d 942, 944 (5th Cir. 1983). Alva-Barbosa acknowledges that his argument is likely foreclosed but notes that he wishes to preserve the issue for further review.

The judgment of the district court is AFFIRMED.