**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No. 10-50455
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAGOBERTO RODRIGUEZ-CASTORENA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-222-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dagoberto Rodriguez-Castorena appeals his conditional guilty plea conviction for illegal reentry following deportation, which resulted in an sentence of time served and one year of supervised release. He maintains that the district court erred in denying his motion to suppress his fingerprints and his immigration A-File because they were fruits of the illegal stop of the vehicle in which Rodriguez-Castorena was a passenger. The arguments regarding the immigration A-File are foreclosed by our precedent. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Herrera-Ochoa*, 245 F.3d 495, 498 (5th Cir. 2001); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999); *United States v. Pineda-Chinchilla*, 712 F.2d 942, 944 (5th Cir. 1983). With respect to the fingerprints, we have previously held that identity need not be suppressed as a "fruit of an illegal stop." *Roque-Villanueva*, 175 F.3d at 346. Because the fingerprints themselves did nothing more than identify Rodriguez-Castorena and did not constitute affirmative evidence of his crime, we conclude that this argument also fails under the precedent cited above. *Id.; see also United States v. Baeza-Castillo*, 72 F. App'x 170, 171 (5th Cir. 2003)(unpublished). Consequently, the judgment of the district court is AFFIRMED.