**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jovany CERVANTES–MALAGON, also known as Jesus Patino–Vega, also known as Lee Roy Dominguez, Defendant–Appellant.**

No. 11–50057
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

George William Aristotelidis, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Jovany Cervantes–Malagon pleaded guilty conditionally to illegal reentry after deportation in violation of 8 U.S.C. § 1326, reserving the right to appeal the denial of his motion to suppress. In his motion to suppress, Cervantes–Malagon argued that the stop of his vehicle was unconstitutional, and he asked the district court to suppress evidence of his identity, including all verbal statements, his fingerprints taken after his arrest, and his immigration A-file. Following a hearing, the district court issued a written order granting in part and denying in part the motion to suppress. The district court found that the traffic stop was based on reasonable suspicion. The court ordered that any statements made by Cervantes–Malagon about his immigration status should be suppressed because he was "in custody" and no *Miranda*[1] warnings were administered at the scene. The district court rejected Cervantes–Malagon's argument that the evidence of his identity subsequently obtained should be suppressed as fruit of the poisonous tree due to the *Miranda* violation.

Cervantes–Malagon argues that the district court should have suppressed his fingerprints and his A-file because they were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

obtained through the illegal prolongation of a valid stop, which was conducted for the sole purpose of developing incriminating information about his immigration status. Cervantes–Malagon recognizes that current Fifth Circuit precedent precludes the suppression of his fingerprints and immigration A-file, but he contends that the facts of his case are sufficiently distinguishable as to create an exception to this court's precedent. Finally, Cervantes–Malagon presents his arguments for the purpose of preserving them for review by the United States Supreme Court.

As noted by the Government, although Cervantes–Malagon premises his argument on the existence of a Fourth Amendment violation, the district court did not find a Fourth Amendment violation. The district court found that reasonable suspicion existed for the stop of the vehicle and that the authorities committed a *Miranda* warning violation only. The fruit of the poisonous tree doctrine does not apply to evidence obtained as a result of a voluntary statement provided without a *Miranda* warning. *United States v. Patane,* 542 U.S. 630, 636–37, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004); *United States v. Brathwaite,* 458 F.3d 376, 382 n. 7 (5th Cir.2006). Thus, the *Miranda* violation provides no basis for suppressing Cervantes–Malagon's fingerprints or A-file. Furthermore, even if there was a Fourth Amendment violation, this court has held that evidence of identity, such as one's fingerprints and A-file, is not suppressible. *See United States v. Scroggins,* 599 F.3d 433, 450 (5th Cir.2010); *United States v. Roque–Villanueva,* 175 F.3d 345, 346 (5th

Cir.1999); *see also United States v. Rodriguez–Castorena,* 417 Fed. Appx. 409, 409 (5th Cir.2011). Accordingly, the judgment of the district court is AFFIRMED.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.   1602, 16 L.Ed.2d 694 (1966).