# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30327
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MELVIN JOSUE AVELAR-CASTRO,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-61-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Melvin Josue Avelar-Castro entered a conditional guilty plea (he reserved his right to challenge the denial of his motion to dismiss the indictment) to illegally reentering the United States following deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326. In challenging the denial of his motion to dismiss the indictment, Avelar contends he was deprived of his roommate's testimony that officers entered their

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30327

residence without his roommate's consent because he was deported before Avelar was indicted.

Citing *United States v. Roque-Villanueva*, the court ruled that even if, *arguendo*, a Fourth Amendment violation occurred, evidence establishing Avelar's guilt (evidence of his identity), is not suppressible.  175 F.3d 345, 346 (5th Cir. 1999); *United States v. Pineda-Chinchilla*, 712 F.2d 942, 943–44 (5th Cir. 1983) (holding defendant lacked standing to challenge the admissibility of his Alien File).

Avelar maintains *Roque-Villanueva* was wrongly decided.  He also asserts *Pineda-Chinchilla* violates the rule of orderliness because earlier case law permitted defendants to challenge the admissibility of evidence despite lacking a possessory or privacy interest.  One panel of this court may not overrule the decision of another panel in the absence of an intervening change in law or contrary or superseding decision by this court sitting en banc or by the United States Supreme Court.  *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).  Therefore, *Roque-Villanueva* is binding precedent.  *Id.*; 175 F.3d at 346.

AFFIRMED.